L. B. SMITH, ADMINISTRATOR OF PAUL SMITH, v. O. P. MATTHEWS.

(Filed 20 September, 1933.)

APPEAL by defendant from *Grady, J.,* at October Term, 1932, of WAYNE. No error.

The judgment on the former appeal to this court is as follows:

"This cause coming on to be heard and being heard at the June Civil Term, 1932, of Wayne Superior Court before his Honor, W. C. Harris, and a jury, and the jury having answered the issues submitted to it as follows:

"1. Was the death of Dr. Paul Smith caused by the negligence of the defendant as alleged in the complaint? Answer: Yes.

"2. If so, did Dr. Paul Smith by his own negligence contribute to his own injury? Answer: No.

"3. What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $1,250;

"And upon the coming in of the verdict, the plaintiff having moved that the answer to the third issue be set aside in the exercise of the discretion of the court, and said motion having been allowed:

"It is now thereupon considered, ordered, and adjudged by the court that the answer of the jury to the third issue as above set out be and the same is hereby set aside in the exercise of the discretion of the court, and that a partial new trial of this cause be had by the submission to a jury for answer of the third issue as above set out, to wit:

" '3. What damages, if any, is the plaintiff entitled to recover of the defendant?'

"And it is further considered, ordered and adjudged by the court that the answers of the jury to the first issue and the second issue as above set out stand as the verdict of the jury in this cause upon the said first

and second issues, and that final judgment herein be rendered upon the coming in of an answer by a jury to the said third issue. . . .

"To the action of the court in setting aside the verdict on the third issue alone the defendant objects and excepts, both by reason of the lack of authority of the court to set aside said verdict and on the ground of abuse of discretion. The defendant moves to set aside the verdict on all of the issues, said motion being addressed to the discretion of the court and also being made on the ground of errors committed in the trial. Motion denied, defendant excepts. Judgment signed, defendant excepts and gives notice of appeal to the Supreme Court."

This appeal was dismissed as premature (Smith v. Matthews, 203 N. C., 218) on the trial of the 3rd issue as to damages before Judge Grady, the judgment was as follows:

"This cause coming on to be heard, and the jury having returned the following verdict:

"What damages, if any, is the plaintiff entitled to recover of the defendant? Answer: $4,000.

"And it appearing to the court that at June Civil Term, 1932, a verdict was rendered by a jury, wherein it was found that the death of plaintiff's intestate was caused by the negligence of the defendant, and that the cause was continued for the purpose of ascertaining what damages the plaintiff was entitled to recover. Now, upon the verdict, and on motion of Dickinson and Freeman, attorneys for the plaintiff, it is considered, ordered and

"Adjudged that the plaintiff have and recover of the defendant the sum of four thousand dollars ($4,000) and the costs of this action to be taxed by the clerk. This 21 October, 1932."

The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

Dickinson & Freeman for plaintiff.
Charles P. Gaylor, Allen Langston, Kenneth C. Royall and James J. Hatch for defendant.

PER CURIAM. This was a civil action instituted by the plaintiff to recover of the defendant damages on account of the death of plaintiff's intestate by reason of defendant's negligent operation of an automobile. The case was first tried before his Honor, W. C. Harris, at the June Civil Term, 1932, of the Superior Court of Wayne County, the jury having answered all the issues in favor of the plaintiff, and upon the coming in of the verdict the judge presiding, on motion of counsel for plaintiff, ordered that the verdict on the third issue as to damages be set aside and that a new trial be had upon that issue. The defendant appealed to the Supreme Court from the said order and judgment made

at said June Civil Term. This Court held that the appeal was premature. Thereafter, at the October Term, 1932, of said Superior Court, a retrial of said third issue as to damages was had before his Honor, Henry A. Grady.

It was agreed by counsel for plaintiff and defendant, subject to the approval of the court, that the record and transcript of case on appeal submitted to the Supreme Court on appeal from said judgment at the June Civil Term, which the Court held to be premature, shall constitute a part of the record of this case on appeal, and that all exceptions taken in said former appeal shall be treated as exceptions in this appeal, and that the record submitted and printed in said premature appeal together with the record and case on appeal upon the appeal from the judgment rendered at the October Term, 1932, upon the trial of said third issue as to damages, shall constitute the entire record and case on appeal in this case.

It was further stipulated and agreed by counsel for appellant and appellee that the briefs in said former premature appeal prepared and filed in the Supreme Court in that premature appeal shall, subject to the approval of the court, be valid briefs in this appeal upon the points covered by them.

When this case was called for trial, it appearing to the court that at a former trial the first and second issues were answered in favor of the plaintiff and, that the court set aside the verdict upon the last issue as to damages and the case was heard solely upon the question of damages.

We have examined the record of the trial heretofore had and we think there was sufficient evidence to be submitted to the jury. We see no error on that record. We see no error on the present record as to the question of damage on the third issue. On both records we can see no prejudicial or reversible error. In the judgments rendered there is

No error.